# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | |
|---|---|
| MATT CAMPANARO, Individually and for Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>BURROW GLOBAL SERVICES, LLC,<br><br>Defendant. | Case No. _____<br><br><br><br>Jury Trial Demanded<br><br><br>FLSA Collective Action |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Burrow Global Services, LLC (Burrow) has failed to pay Matt Campanaro (Campanaro), and other workers like him, overtime as required by the Fair Labor Standards Act (FLSA).

2. Instead, Burrow pays Campanaro, and other workers like him, the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

3. Campanaro brings this collective action to recover unpaid overtime and other damages.

### JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to this action occurred in this District.

6. Burrow is headquartered in this District in Beaumont, Texas.

## THE PARTIES

7. Campanaro is an hourly employee of Burrow.

8. Campanaro worked for Burrow from approximately August 2018 through March 2020.

9. His consent to be a party plaintiff is attached as **Exhibit A**.

10. Campanaro brings this action on behalf of himself and other similarly situated workers who were paid by OneSource's "straight time for overtime" system.

11. The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All hourly employees of Burrow Global Services, LLC during the past 3 years who were paid straight time for overtime (the "Straight Time Workers").**

12. Campanaro seeks conditional and final certification of the Straight Time Workers in this collective action under 29 U.S.C. § 216(b).

13. Burrow is headquartered in Beaumont, Texas.

14. Burrow is a company doing business throughout the United States, including in Beaumont, Texas. Burrow may be served by serving its registered agent: **Don Knight, 8100 Washington Ave., Ste. 1000, Houston, TX 77007.**

## COVERAGE UNDER THE FLSA

15. At all relevant times, Burrow was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

16. At all relevant times, Burrow was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

17. At all relevant times, Burrow was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for

commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, cell phones, and personal protective equipment - that have been moved in or produced for commerce.

18. At all relevant times, Burrow had an annual gross volume of sales made in excess of $1,000,000.

19. At all relevant times, Campanaro and the Straight Time Workers (defined above) were engaged in commerce or in the production of goods for commerce.

## THE FACTS

20. Burrow is an Engineering, Procurement, and Construction company that operates throughout Texas, Louisiana, and Oklahoma. Burrow provides its services to the refining, specialty chemicals, petrochemicals, midstream, and onshore upstream industries. *See generally* https://www.burrowglobal.com/about/ (Last visited March 17, 2020).

21. Campanaro has worked for Burrow from approximately April 2019 to Present.

22. Campanaro performed work for Burrow at its customer's (Delek US) refinery in Big Spring, Texas.

23. Campanaro was a Project Controls Manager for Burrow.

24. As a Project Controls Manager, Campanaro observed the construction of a boiler on Delek's Big Spring refinery, conducted safety meetings, and reviewed the work product of other engineers to ensure the boiler met EPA regulatory standards.

25. Campanaro reported the hours he works to Burrow on a regular basis.

26. Campanaro was not guaranteed a salary.

27. If Campanaro worked fewer than 40 hours in a week, he was only paid for the hours works.

28. Campanaro regularly worked over 40 hours in a week.

29. In fact, Campanaro routinely worked five 10-hour shifts per week. Frequently, Campanaro worked a six to seven 10-hour shifts.

30. Although he often worked 50 or even 70 or more hours per workweek, Burrow never paid Campanaro any overtime but, rather, paid him straight-time-for-overtime.

31. The hours Campanaro and the Straight Time Workers (defined above) work are reflected in Burrow's records.

32. Rather than receiving time and half as required by the FLSA, Campanaro only receives "straight time" pay for overtime hours worked.

33. Burrow's "straight time for overtime" payment scheme violates the FLSA.

34. Burrow was and is aware of the overtime requirements of the FLSA.

35. Burrow nonetheless fails to pay certain employees, such as Campanaro, overtime.

36. Burrow did not guarantee Campanaro and Straight Time Workers a salary.

37. Burrow's failure to pay overtime to these workers was, and is, a willful violation of the FLSA.

### FLSA COLLECTIVE ACTION ALLEGATIONS

38. Burrow's illegal "straight time for overtime" policy extends beyond Campanaro.

39. It is the "straight time for overtime" payment plan that is the "policy that is alleged to violate the FLSA" in this FLSA collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006); *Wellman v. Grand Isle Shipyard, Inc.*, No. CIV.A. 14-831, 2014 WL 5810529, at *5 (E.D. La. Nov. 7, 2014) (certifying "straight time for overtime" claim for collective treatment).

40. Burrow pays dozens of workers using the same unlawful scheme.

41. Any differences in job duties do not detract from the fact that these workers were entitled to overtime pay.

42. The workers impacted by Burrow's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

### COLLECTIVE CAUSES OF ACTION

43. Campanaro incorporates all previous paragraphs and alleges that the illegal pay practices Burrow imposed on Campanaro were likewise imposed on the Straight Time Workers.

44. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

45. Numerous other individuals, like Campanaro, indicated they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA.

46. Based on his experiences and tenure with Burrow, Campanaro is aware that Burrow's illegal practices were imposed on the Straight Time Workers.

47. The Straight Time Workers were all paid straight time for overtime and not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

48. Burrow's failure to pay wages and overtime compensation at the rates required by the FLSA results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Straight Time Workers.

49. The specific job titles or precise job locations of the various Straight Time Workers does not prevent collective treatment.

50. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

51. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

**JURY DEMAND**

52. Campanaro demands a trial by jury

**PRAYER**

53. Campanaro prays for relief as follows:

   a. An Order designating the Putative Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all Straight Time Workers with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   b. For an Order pursuant to Section 16(b) of the FLSA finding Burrow liable for unpaid back wages due to Campanaro and the Straight Time Workers for liquidated damages equal in amount to their unpaid compensation;

   c. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

   d. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Michael A. Josephson*
**Michael A. Josephson**
State Bar No. 24014780
**Andrew W. Dunlap**
State Bar No. 24078444
**Carl A. Fitz**
State Bar No. 24105863
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
cfitz@mybackwages.com

**AND**

Richard J. (Rex) Burch
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**